```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF MARYLAND
```

| | |
|---|---|
| **CHAMBERS OF**<br>**SUSAN K. GAUVEY**<br>**U.S. MAGISTRATE**<br>**JUDGE** | **101 WEST LOMBARD STREET**<br>**BALTIMORE, MARYLAND 21201**<br>MDD_skgchambers@mdd.uscourts.gov<br>(410) 962-4953<br>(410) 962-2985 - Fax |

July 26, 2012

Philip M Andrews
Kramon and Graham PA
One South St. Ste 2600
Baltimore, MD 21202
Phone: 14103477419
Fax: 14105391269
Email: pandrews@kg-law.com
*Attorney for the Plaintiff*

George E Brown
Kramon and Graham PA
One South St. Ste 2600
Baltimore, MD 21202
Phone: 14107526030
Fax: 14105391269
Email: gbrown@kg-law.com
*Attorney for the Plaintiff*

James H Furman. Esq.
Byrd Davis Furman, LLP
707 West 34th Street
Austin, Texas 78705-1294
jfurman@byrddavis.com
*Attorney for the Plaintiff*

Larry R Seegull
Jackson Lewis LLP
2800 Quarry Lake Dr Ste 200
Baltimore, MD 21209

Phone: 14104152004
Fax: 18884152102
Email: larry.seegull@jacksonlewis.com
*Attorney for Defendant*

Charles Joseph Kresslein
Jackson Lewis LLP
2800 Quarry Lake Dr Ste 200
Baltimore, MD 21209
Phone: 14104152022
Fax: 14104152001
Email: charles.kresslein@jacksonlewis.com
*Attorney for Defendant*

Re: All Risks Ltd. V. Crump Insurance Services, 10-1554

Dear Counsel,

　　Pending before the court are two motions to compel (ECF Nos. 49-1 and 49-2). Admirably, the parties continued, after filing the discovery motions and related briefing with the Court, to work to resolve the disputes, as documented in a series of letters (ECF Nos. 58, 59, and 64). However, a limited number of issues remain. The court has reviewed the pertinent briefing. No hearing is necessary. Local Rule 105.6 (D. Md.).

The Court rules as follows.

<u>Interrogatory Nos. 4 and 5 in Defendants' Second Set of Interrogatories</u>

　　Defendants argue that the information requested in interrogatories 4 and 5—All Risks' placement of property insurance in hospitals and reinsurance policies—is "critical to a defense raised by the Defendants, in that it relates to All Risks' ability to continue to service some of the accounts that are at issue in this case . . . because the remaining brokers lacked the expertise to do so. Accordingly, All Risks cannot claim lost business revenues arising from these accounts. (ECF 49-1, 4).

Plaintiff counters that the requested information has "no relationship to the litigation and is beyond the scope of discovery permitted by FRCP 26(b)," (ECF No. 59, 2), and moreover, at least as to the hospital information requested on interrogatory No. 4, All Risks "does not maintain in the requested format the information sought by defendants." (ECF No. 59, 1). Defendants do not challenge this last assertion.

The Court denies the motion to compel further answers to Interrogatory nos. 4 and 5.

The Defendants have not demonstrated the relevance of this information to any claim or defense asserted in the answer or indeed to any articulated damage issue. Without specific citation supporting the relevance of this discovery, it appears overreaching and irrelevant. Production is further complicated (and made more expensive) by the lack of the data available in the requested form. The Court agrees as a general matter a party is not required to create documents, and reports, etc. that do not exist. See Pderson v. Preston, 250 F.R.D. 61, 69 (D.D.C. 2008) (denying plaintiff's motion to compel defendant's response to an interrogatory to the extent plaintiff sought to have the defendant "create documents that do not exist or are not readily available"), see also Barton Group, Inc. v. NCR Corp., 2009 U.S. Dist. LEXIS 62852 (S.D.N.Y July 22, 2009) (noting that "Defendant is only required to produce documents that exist; it has no obligation to create documents to support plaintiff's theory of the case."). This is not a case calling for deviation from this general principal.

Interrogatory No. 7

The Court denies the motion to compel any further answer to interrogatory no. 7. Since the defendants were employees of the plaintiff, it is obvious that they had access to the subject, disputed trade secrets and proprietary information. The answer sufficiently answers all aspects of the interrogatory.

Interrogatory No. 9

All Risks clarified its answer in its June 18, 2012 letter submission (ECF 59, 3). No additional answer need be made.

Request Nos. 1 and 2

      This dispute has been resolved by All Risks' answer in its June 18, 2012 letter submission (ECF No. 59, 4) that it has no responsive documents.

      Accordingly, the motions to compel are denied.  No award of expense shall be made.  Despite the informal nature of this letter, it is a formal order of the Court and should be docketed as such.

                                Sincerely yours,

                                  /s/

                                Susan K. Gauvey
                                United States Magistrate Judge